Vince Wayne: Dobeck, *Pro Se*
c/o 5298 Rappahanock Street
Las Vegas, Nevada [89122]
702.979.8385

2008 JUL 16  P 3: 30

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Vince Wayne: Dobeck,<br>Acting as Agent for VINCE W DOBECK<br><br>Plaintiff(s),<br><br>vs.<br><br>HOMEQ SERVICING INC., *a non-registered*<br>*foreign corporation,*<br>P.O. BOX 13716<br>SACRAMENTO, CA 95853<br>DOES I through X, *Et.al*<br>and;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, *a non-registered foreign corporation,*<br>505 City Parkway West, Suite 100<br>SACRAMENTO, CA 92868<br>DOES I through X, *Et. al*<br><br>Defendant(s).<br>) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:08-cv-00781-RCJ-LRL<br><br>**PLAINTIFFS' OPPOSITION TO**<br>**DEFENDANTS' NOTICE OF MOTION AND**<br>**MOTION TO DISMISS COMPLAINT;**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES; REQUEST FOR JUDICIAL**<br>**NOTICE IN SUPPORT THEREOF** |

Plaintiff Vince Wayne: Dobeck ("Dobeck" ), in proper person, hereby files his OPPOSITION TO

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;

MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE IN

SUPPORT THEREOF (the "Opposition").

Dobeck's Opposition is supported by the following Memorandum of Points and Authorities, all

documents already on file with the Court, and any oral argument at the hearing of this matter.

**I.**

## INTRODUCTION

Dobeck filed his Complaint in this matter requesting that this Court set aside the wrongful foreclosure of the property at 5298 Rappahanock Street, Las Vegas, Nevada, 89122, also known as APN 161-28-217-035 (the "Property"), conducted by Homeq Servicing, Inc. ("Homeq") and Deutsche Bank National Trust Company ("Deutsche"), on the grounds that neither Homeq or Deutsche have lawful standing to  conduct foreclosure proceedings against the Property because neither Homeq or Deutsche is a Holder in Due Course of the original Promissory Note on which the foreclosure was allegedly based. See Notice of Removal, Exhibit A, Complaint, p. 2, on file herein.

Dobeck's Complaint also sets forth alternative arguments that (1) Fidelity National Default Solutions Tustin ("Fidelity"), acting as the agent for Homeq and/or Deutsche, is not registered to do business in the State of Nevada and that accordingly its purported "notice" filings with the Clark County Recorder's office are improper and of no effect as valid notice of a foreclosure, such that proper notice of the foreclosure proceedings was not provided to Dobeck pursuant to NRS 107.080, and alternatively, that (2) having issued an offer of tender of payment in the form of a negotiable instrument to SPS and QPS, the foreclosure was improper.

Dobeck hereby concedes the second alternative argument, and accordingly, this Opposition focuses only on whether either Homeq and Deutsche had any right to foreclose on the Property, and if so, in the alternative, whether Homeq and Deutsche complied with NRS 107.080  prior to foreclosure on the Property.

**II.**

## STATEMENT OF RELEVANT FACTS

1.  On or about December 20, 2006, Dobeck executed an Adjustable Rate Promissory Note (the "Note") regarding the Property, in favor of Best Rate Funding Corp. ("Best Rate"), a sub-prime lender.  This fact is uncontested.

2.  The records explicitly states that the Best Rate is the holder of the Note, but otherwise, that "anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the Note Holder." This fact is uncontested.

3.  On or about December 20, 2006, Dobeck executed a Deed of Trust (the "Deed of Trust") regarding the Property which was duly recorded in the Office of the Clark County Recorder on December 28, 2006, in Book 20061228 at Instrument No. 02664 as security for the Note. See Copy of recording of Deed of Trust at Exhibit "A". This fact is uncontested.

4.  The Deed of Trust explicitly states that the Trustor under the Deed of Trust is Best Rate and that the Trustee is unclear, in that no public record exists that claims a Trustee. This fact is uncontested.

5.  Homeq claims that the current owner of the mortgage is Deutsche. This fact is unclear, for no public record exists for reconveyance or transfer to Deutsche.

6.  On or about May 5, 2008, an entity identified as Fidelity National Default Solutions Tustin ("Fidelity") recorded a Notice of Default in the Office of the County Recorder of Clark County, Nevada in Book No. 20080512 at Instrument 02792. See attached Exhibit B. This fact is uncontested.

7.  Fidelity was not the Trustee of the Deed of Trust at the time of filing the Notice of Default.

8.  Fidelity was not registered to conduct business in the State of Nevada at the time of filing the Notice of Default.

9.  Fidelity was not acting on behalf of the Holder in Due Course of the Note at the time of filing the Notice of Default.

10. Homeq and Deutsche Motion to Dismiss, ("Motion") on file herein, stops carefully short of ever setting forth testimony or other evidence that Homeq or Deutsche presently has, or ever has, held possession of the original Promissory Note.

### III.

### LEGAL ARGUMENT

A.  **Standard For Dismissal Pursuant To NRCP 12(b).**

A party may move for dismissal of claims when a pleading fails to state a claim upon which relief may be granted. See NRCP 12(b). A motion based upon NRCP 12(b) must be granted if the claimant would be entitled to no relief under the facts set forth in the pleading. See Morris v. Bank of America Nevada, 110 Nev. 1274, 1277, 886 P.2d 454, 457 (1994) (citing Edgar v. Wagner, 101 Nev. 226, 227-28, 699 P.2d 110, 111-12 (1985)). A pleading must contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." See NRCP 8(a).

The meaning of a "short and plain statement of the claim" has been clarified in Nevada case law. "Notice pleading" requires plaintiffs to set forth facts which support a legal theory. See Liston v. Las Vegas Metropolitan Police Dept., 111 Nev. 1575, 1579, 908 P.2d 720, 723 (1995) (citing Swartz v. Adams, 93 Nev. 240, 245, 563 P.2d 74, 77 (1977). "A plaintiff who fails to use the precise legalese in describing his grievance but who sets forth the facts which support his complaint thus satisfies the requisites of notice pleading." See id. (emphasis added).

In this matter, among other allegations, Dobeck sets forth factual allegations that neither Homeq or Deutsche is the holder in due course of the Note and accordingly had no standing to foreclose on his Property. See Complaint, p.2, on file herein. Pursuant to that allegation, Dobeck prays that the foreclosure be set aside through an order reconveying title to the Property back to Dobeck. See id., p. 3, on file herein. That is a short and plain statement of the claim, setting forth the factual allegation necessary to support the underlying legal theory, and is wholly sufficient to put both Homeq or Deutsche on notice of the basis of Dobeck's action.

Although seeking dismissal, Homeq or Deutsche have set forth no undisputed evidence that Dobeck's factual allegation as to their lack of standing and right to foreclose is false, or that the legal theory supporting relief on the grounds that neither is the holder in due course of the Note is unsupportable. See generally Homeq or Deutsche Motion to Dismiss, on file herein. For these reasons, Homeq and Deutsche 's Motion to Dismiss must be denied.

**B.    Standard For SUMMARY JUDGMENT Pursuant To NRCP 56.**

The party moving for summary judgment bears the initial burden of production to show the

absence of a genuine issue of material fact. See Celotex v. Catrett, 477 U.S. 317, 323 (1986); see Cuzze v. University and Community College System of Nevada, 172 P.3d 131, 134 (Nev. 2007); Clauson v. Lloyd, 103 Nev. 432, 743 P.2d 631 (1987) (explaining Celotex's application in Nevada); see also Wood v. Safeway, Inc., 121 Nev. 724, 731-32, 121 P.3d 1026, 1031 (2005) (adopting the summary judgment standard set forth in Celotex and other Supreme Court decisions).

The pleadings and other proof must be construed in a light most favorable to the nonmoving party. See Safeway, 121 P.3d at 1031 (citing Matsushita, 475 U.S. at 586).

In this matter, Dobeck has demanded proof that Homeq and Deutsche are holders of the original Note, because Homeq and Deutsche 's actual possession of the original Note is a genuine issue of material fact in this case. In response, Homeq and Deutsche fails to provide evidence of the Note, and no affidavit or other evidence proving beyond dispute that either entity has actual possession of the original Note. In fact, the only purported evidence of a right to foreclose on Dobeck's Property that has been provided to this Court by lack of providing any supporting evidence of the Note. The law requires that if a photocopy of the Note is entered as the Court need not accept as true any *unreasonable inferences* or *unwarranted deductions of fact.* See Mirrin v. Justices of the Supreme Court of Nevada, 415 F. Supp. 1178, 1190 (D. Nev. 1976) (emphasis added). The inference that mere possession of a photocopy conveys a right to foreclose is unreasonable and unwarranted, as it would give a right to foreclose to anyone holding a *photocopy.* For these reasons, Homeq and Deutsche 's right to foreclose on the Property, which is ***the*** material issue in this matter, remains vehemently contested, and the defendants' Motion for Summary Judgment must be denied.

## C.      HOMEQ and DEUTSCH HAD NO RIGHT TO FORECLOSE, AS A MATTER OF LAW.

### 1.      Homeq and Deutsche Are Not Holders in Due Course as a Matter of Law.

Within the Uniform Commercial Code ("UCC") Article 3, a "holder in due course" is defined as one who is:

1.      A holder, who takes the instrument:

2.      For value; and

3.      In good faith; and

4.      Without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

See UCC section 3-302(1).

Accordingly, to qualify as a holder in due course under the UCC, a party must satisfy four requirements, the first of which is that the party ***must*** be a "holder," defined as a person who ***possesses an instrument*** "drawn, issued or indorsed to him or to his order or to bearer or in blank." UCC section 1-201(20).

Nevada's scheme is similar, defining "holder in due course" as the holder of an instrument if:

(b) The ***holder took the instrument***:

(1) For value;

(2) In good faith;

(3) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;

(4) Without notice that the instrument contains an unauthorized signature or has been altered;

(5) Without notice of any claim to the instrument described in NRS 104.3306; and

(6) Without notice that any party has a defense or claim in recoupment described in subsection 1 of NRS 104.3305.

See N.R.S. 104.3302.

In this matter, Defendants may provide the Court with only a photocopy of the Note drafted in favor of Best Rate as the holder.  There is no evidence that Homeq or Deutsche have possession of the original note, or that they took such note for value prior to notice that it was overdue.  Without undisputed proof of those facts and others, neither Homeq and Deutsche can qualify under Nevada law as a Holder in Due Course, and without being Holder's in Due Course, neither Homeq or Deutsche has any right to foreclose on the Property, and the instant Motions must be denied.

**2.       Pursuant to NRS 52.245, A Photocopy Is Inadmissible to Prove Status as a Holder in Due Course.**

Certainly, it is not a reasonable interpretation of the statutory scheme to allow anyone holding a mere photocopy of a given note to claim status as a holder of that note in due course -- otherwise, the entire structure of negotiable instruments would collapse under the weight of photocopies potentially held by numerous persons or entities.

To prevent exactly that type of absurd result, Nevada's statutory scheme includes NRS 52.235 and NRS 52.245.  NRS 52.235 mandates that "[t]o prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except as otherwise provided in this title."  As one such exception, NRS 52.245 provides, in pertinent part, that a duplicate is admissible to the same extent as an original *unless . . .[i]n the circumstances it would be unfair to admit the duplicate in lieu of the original.*  See NRS 52.245(b)

"'The rule is this: in proving the terms of a writing, where such terms are material, the original writing must be produced, unless it is shown to be unavailable for some reason other than the serious fault of the proponent." See Lagrange Const., Inc. v. Kent Corp., 88 Nev. 271, 276, 496 P.2d 766, 769 (1972).

On the facts of this matter, and every other matter that may arise regarding foreclosures in the State of Nevada, it would be unfair to admit a photocopied duplicate in lieu of the original Note in satisfaction of proof of a right to foreclose, because although many photocopies may exist, only one true Holder in Due Course can exist -- and that true Holder in Due Course must have the original instrument. See NRS 524(1)(b).  Whether or not these defendants actually are holders of the original instrument, and thereby ever had standing to foreclose on Plaintiffs' property, is certainly a material and genuine issue that has been raised in this matter.  Moreover, it is an issue on which Defendants have set forth no evidence in response.  For these reasons, there is no valid evidence on file in this matter proving beyond dispute that Homeq or Deutsche have a right to foreclose on the Property, and for this reason, the Motion must be denied.

**3.       HOMEQ and DEUTSCHE'S UNSTATED ASSERTION OF A RIGHT TO ENFORCE A LOST NOTE IS NOT RIPE FOR ADJUDICATION.**

Nevada's statutory scheme regarding negotiable instruments includes provisions whereby one not in possession of the original note may nonetheless enforce the note in narrow circumstances, however to preclude a person taking an instrument without having rights of a holder in due course, and a resulting "claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds" (see NRS 104.3306), Nevada law provides that:

A person not in possession of an instrument is entitled to enforce the instrument if:

   (a) The person seeking to enforce the instrument:

      (1) Was entitled to enforce the instrument when loss of possession occurred; or

      (2) Has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

   (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

   (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

See NRS 104.3309(1).

Further, a person seeking enforcement of an instrument under NRS 104.3309(1) "*must prove . . . his right to enforce the instrument*. If that proof is made, NRS 104.3308 applies to the case as if the person seeking enforcement had produced the instrument." See NRS 104.3309(2).

Homeq and Deutsche have set forth absolutely no evidence whatsoever that either has a right to enforce the Note, pursuant to NRS 104.3309(2), and has made no undisputed factual showing that the original note was ever reported lost prior to the foreclosure actions, that either Homeq and Deutsche was entitled to enforce the instrument at the date of loss of possession of the instrument occurred, or that either Homeq and Deutsche ever directly or indirectly acquired ownership of the instrument from a holder in due course who was entitled to enforce the instrument upon the date of loss. Instead, Homeq and Deutsche have simply ignored Dobeck's pleas to have them provide evidence of their status, forcing Dobeck to commence the instant action. See Dobeck's March 17, 2008 Certified Letter to SPS, at Exhibit

"C" (setting forth in detail these same arguments).

Even in their present Motion, SPS and Quality argue only that "HOMEQ SERVICING, as servicing agent and errouneously named herein, and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee" claims Deutsche Loan is the trustee, retained by Homeq to conduct the foreclosure on the Property." <u>See</u> Motion, p. 2. Further, the Motion admits that "Homeq is the servicer of the . . . loan, which is secured by the Property.

## D.   THE PURPORTED NOTICE RECORDED BY FIDELITY IS NULL.

In the alternative, even **_if_** Homeq and/or Deutsche can provide proof that either is a holder in due course of the Note, NRS 107.080 provides that the power of sale must not be exercised until:

The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation.

<u>See</u> NRS 107.080(b).

On or about March 5, 2008, Fidelity -- who is neither the beneficiary, successor, or trustee -- recorded a Notice of Default in the Office of the County Recorder of Clark County, Nevada in Book No. 20080512 at Instrument 02792. <u>See</u> Exhibit "B" herein attached.

The beneficiary of the Note is Best Rate. Accordingly, because Fidelity was not the beneficiary, successor, or Trustee of the Deed of Trust at the time of filing the Notice of Default, the Notice of Default fails to satisfy the requirements of NRS 107.080(b). Moreover, Fidelity was not the Trustee at the time of filing the Notice of Trustee Sale.

It is uncontested in this matter that neither the beneficiary, a successor beneficiary, or the trustee of the Deed of Trust filed any notice whatsoever. "A sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section.

See NRS107.080(5)(a).  Not only was Fidelity not authorized to provide valid notice under NRS 107.080, Fidelity was not even registered to conduct business in the State of Nevada at the time of filing the purported notices.

For these reasons, even if Homeq and Deutsche are holders in due course, there was no proper notice of the default and election to sell.  For these reasons, this Court should void the foreclosure process initiated by Homeq and Deutsche.

**E.**   **OPPOSITION TO DEFENDANTS CLAIM THAT PLAINTIFF IS BEING REPRESENTED BY AN "UNLICENSED" ATTORNEY.**

Plaintiff comes before this court representing himself in proper person, and is a Christian man. "Acting as Agent" simply refers to the artificial fiction in which all commerce is presented, including mortgages.  The lawful name of Plaintiff under his birth is Vince Wayne Dobeck, biblically "Vince-Wayne: Dobeck" and **_not_** VINCE WAYNE DOBECK or VINCE W DOBECK or VINCE DOBECK. The all capitalized reference is classified as an artificial fiction which only exists in the minds of man and is not a true representation of the flesh and blood human being in the meaning of the English language. An all capital name is a Corporation, Partnership, or something similar of the like.  A corporation cannot speak, write, think, etc. although the flesh and blood human being can.  Plaintiff has made no inferences to having an attorney, and does indicate that Plaintiff is *Pro Se*.

**IV.**

**CONCLUSION**

On the basis of the foregoing arguments, Dobeck respectfully requests that this Court deny the Motion for Dismissal.

DATED this  16th  day of July, 2008.

Vince Wayne: Dobeck, *Pro Se*
c/o 5298 Rappahanock Street
Las Vegas, Nevada [89122]
702.979.8385

**Instrument:** 20061228-02664
**Document Type:** Trust Deed
**ReRecorded:** N
**Requestor:** TITLE COURT SERVICE INC
**1st Party:**  DOBECK, CHRISTY L
              DOBECK, VINCENT W
              DOBECK, VINCE W
**2nd Party:**  BEST RATE FUNDING CORP
         **Legal Description:** ParcelNum: 16128217035
                   **References:**
**Tot Value:** $
**RPTT:** $

**Book/Instr:**
**Recorded:** 12/28/2006 11:18:49
**Remarks:**

**Property Value:** $0.00
**Exmpt Code:**                    **Percent:**  %

EXHIBIT __A__
Total of __1__ page(s)

**Instrument:** 20080512-02792                          **Book/Instr:**
**Document Type:** Default                              **Recorded:** 05/12/2008 13:57:22
**ReRecorded:** N                                       **Remarks:**
**Requestor:** FIDELITY NATIONAL DEFAULT SOLUTIONS TUSTIN
**1st Party:**   DOBECK, CHRISTY L
                 DOBECK, VINCENT W
**2nd Party:**  BEST RATE FUNDING CORP
                NATIONAL DEFAULT SERVICING CORPORATION
         **Legal Description:** ParcelNum: 16128217035
                **References:**
**Tot Value:** $                          **Property Value:** $0.00
**RPTT:** $                                **Exmpt Code:**          **Percent:** %

EXHIBIT *B*
Total of __1__ page(s)

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

March 17, 2008

From: Vince Wayne: Dobeck
Acting as Agent for VINCE W DOBECK©
C/o 5298 Rappahanock Street
Las Vegas, Nevada republic

To:    CEO, DIRECTOR, MANAGER      ~~Express/Registered~~/Certified No.
       HOMEQ SERVICING
       P.O. BOX 130028                7007 1490 0000 2149 6880
       SACRAMENTO, CA 95853

Cc:    DEUTSCHE BANK NATIONAL TRUST    ~~Express/Registered~~/Certified No.
       COMPANY
       505 City Parkway West, Suite 100     7007 1490 0000 2149 6897
       ORANGE, CA 92868

RE:  Loan No.: 0000326306289
Property address: 5298 Rappahanock Street, Las Vegas, NV 89122

Dear Sir, or whom it may concern,

I, Vince Wayne: Dobeck, came to your organization in good faith, with clean hands and at arm's length, not dishonoring your presentment, in full compliance with your demand under the Payoff Statement, instructing VINCE W DOBECK© to pay a debt.  And with that standing, Vince Wayne: Dobeck issued, to pay a debt, a valid and honorable negotiable instrument to pay said debt.  This negotiable instrument was properly tendered in accordance with the Uniform Commercial Code and State Statutes.  See Registered Mail Number **RB 948 828 952 US** as evidence of your receiving the negotiable instrument number **000312086289**.

I am sending this letter in an attempt to clarify what heretofore was an unknown concern. Several foreclosure cases in the State of Ohio have brought to my attention certain irregularities and possible contractual issues, including without limitation, those covered in TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692, N.R.S. 104.3101 through 104.4504,  et al, concerning my alleged debt and/or obligation to you. This letter is my attempt to resolve these issues in a manner that is fair and equitable to all parties, yet privately.

**Be it known**: I do not want to be a party to a fraudulent and/or unlawful contract;

This offer is not a waiver of presentment. This is an offer of compromise and as such the offeror shall be protected under Federal Rules of Evidence Rule 408. Acceptance of this offer by HOMEQ SERVICING would require an agreement by both parties to the stipulation of N.R.S. § 104.3604 and must include waiver of rights by HOMEQ SERVICING to appeal. I, Vince Wayne: Dobeck, do hereby offer, in the interest of justice;

EXHIBIT  _C_
Total of  _9_  page(s)

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

**Offer A)** The opportunity for HOMEQ SERVICING to make me whole on all cost incurred by me, *ab initio*, from the original contract forward, for what may be a fraudulent and unlawful transaction on the part of HOMEQ SERVICING In return, I, Vince Wayne: Dobeck, would agree to relinquish all rights to the property in question. For clarity sake, I, Vince Wayne: Dobeck, will agree to "walk away totally and completely" from the discussed property, if and only if, HOMEQ SERVICING reimburses me totally and completely for all of the cost of said property, including without limitations, monthly payments, down payments, taxes, upgrades, etc. from the original date of the original purchase by me of the aforementioned property;

**Offer B)** The opportunity for HOMEQ SERVICING to Discharge the contract since the only fraudulent acts committed were by HOMEQ SERVICING Affirming such negotiation would require HOMEQ SERVICING to consider the said contract "paid in full" and immediately release any and all encumbrances on said property to me and deliver to me the deed post haste;

See: N.R.S. § 104.3604. <u>Discharge by cancellation or renunciation</u>
A. A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument:
   1. By an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation or cancellation of the instrument, cancellation or striking out of the party's signature or the addition of words to the instrument indicating discharge; or
   2. By agreeing not to sue or otherwise renouncing rights against the party by a signed writing.

## STATEMENT OF FACTS

### I) Holder in due course:

I bring to your attention a plethora of cases, 41 in the last month, and the original case 40 years previous, establishing the validity of my concerns:

A) Cases:

i) A US Federal Judge, C.A. Boyko in Federal District Court in Cleveland Ohio ruled to dismiss a claim by Deutsche Bank National Trust Company. DB's US subsidiary was seeking to take possession of 14 homes from Cleveland residents living in them, in order to claim the assets.

ii) UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON IN RE FORECLOSURE CASES CASE NO. 3:07CV043 To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Loren*, 2007 WL 2726704 at 7. To show standing, then, in a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

was filed *(\*1)*. The foreclosure plaintiff must also show, at the time the foreclosure action is filed, that the holder of the note and mortgage is harmed *(\*2)*....

*(\*1)* I do not believe HOMEQ SERVICING can show it is the holder of the note and the mortgage at the time the complaint was filed. I also believe HOMEQ SERVICING may attempt to commit fraud upon the court in an attempt to persuade the court that HOMEQ SERVICING is the holder of the note.

*(\*2)* HOMEQ SERVICING was not and is not harmed by the lack of payment and/or canceling of said note. HOMEQ SERVICING did not risk any assets, money and/or the like and thusly was not harmed. HOMEQ SERVICING was and is nothing more than an accomplice to a RICO Act violation by asserting any contention that they did have any losses and was harmed in any way.

HOMEQ SERVICING is simply cooperating with the FEDERAL RESERVE's plan developed by J.P. Morgan;

> "... Debts must be collected and loans and mortgages foreclosed as soon
> as possible. When through a process of law the common people have
> lost their homes, they will be more tractable and more easily governed
> by the strong arm of the law applied by the central power of leading
> financiers. People without homes will not quarrel with their leaders. This
> is well known among our principle men now engaged in forming an
> imperialism of capitalism to govern the world. By dividing the people we
> can get them to expend their energies in fighting over questions of no
> importance to us except as teachers of the common herd."

iii) First National Bank of Montgomery vs Jerome Daly, IN THE JUSTICE COURT STATE OF MINNESOTA COUNTY OF SCOTT TOWNSHIP OF CREDIT RIVER, JUSTICE MARTIN V. MAHONEY December 7, 1968;

**B)** Thusly, I do not believe that HOMEQ SERVICING is the Holder in Due Course of the actual note: Absent the original note, HOMEQ SERVICING can not be the Holder in Due Course for said note. Accordingly, HOMEQ SERVICING can not lawfully and/or legally foreclose on said property.

### HOMEQ SERVICING HAS NO FORECLOSUSER RIGHTS
### ON SAID POPERTY IN THE STATE OF NEVADA.

See: 104.3302. Holder in due course
A. Subject to subsection C of this section and section 104.3106, subsection D,
    "holder in due course" means the holder of an instrument if:
      1. The instrument when issued or negotiated to the holder does not bear such
        apparent evidence of forgery or alteration or is not otherwise so irregular or
        incomplete as to call into question its authenticity; and
      2. The holder took the instrument:
        (a) For value; (b) In good faith; (c) Without notice that the instrument is

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

       overdue or has been dishonored or that there is an uncured default with
       respect to payment of another instrument issued as part of the same series;
       (d) Without notice that the instrument contains an unauthorized signature or
       has been altered;
       (e) Without notice of any claim to the instrument described in section 104.
       3306; and
       (f) Without notice that any party has a defense or claim in recoupment
       described in section 104.3305, subsection A.

   B. Notice of discharge of a party, other than discharge in an insolvency
     proceeding, is not notice of a defense under subsection A of this section,
     but discharge is effective against a person who became a holder in due
     course with notice of the discharge. Public filing or recording of a
     document does not of itself constitute notice of a defense, claim in
     recoupment or claim to the instrument.

   C. Except to the extent a transferor or predecessor in interest has rights as a
     holder in due course, a person does not acquire rights of a holder in due
     course of an instrument taken:

     1. By legal process or by purchase in an execution, bankruptcy or
       creditor's sale or similar proceeding;
     2. By purchase as part of a bulk transaction not in ordinary course of
       business of the transferor; or
     3. As the successor in interest to an estate or other organization.

C) Thusly, I do believe that through some series of secret and malicious transactions HOMEQ
SERVICING has transferred the note, and thusly all rights to collect on said note. Absent the
original note's presentation to the court, my belief avails itself to such favorable conclusion by
the court that would allow for a directed verdict and summary judgment in my favor.

D) Any claims by HOMEQ SERVICING that the note was lost, such as an affidavit of lost note,
shall be considered a fraud upon the court and will be considered a RICO Act violation.
HOMEQ SERVICING is well aware the note is not lost and that HOMEQ SERVICING
voluntarily transferred the note;

   See: 104.3309. Enforcement of lost, destroyed or stolen instrument
   A. A person not in possession of an instrument is entitled to enforce the
     instrument if:

     1. The person was in possession of the instrument and entitled to enforce it when
       loss of possession occurred;
     2. The loss of possession was not the result of a transfer by the person or a lawful
       seizure; and
     3. The person cannot reasonably obtain possession of the instrument because the
       instrument was destroyed, its whereabouts cannot be determined or it is in the
       wrongful possession of an unknown person or a person that cannot be found or is not
       amenable to service of process;

   B. A person seeking enforcement of an instrument under subsection A of this section
     must prove the terms of the instrument and the person's right to enforce the

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

> instrument. If that proof is made, section 104.3308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

## II) Banks can not lend credit:

Bank transactions require a legal object and purpose. In this instant matter, HOMEQ SERVICING may have committed the following illegal acts, the fraudulent representation of facts, the lending of credit instead of money which is illegal in and of itself and leads to fraudulent consideration. I cite for your review the following cases;

See: "In the federal courts, it is well established that a national bank has not power to lend its credit to another by becoming surety, endorser, or guarantor for him.'" Farmers and Miners Bank v. Bluefield Nat 'l Bank, 11 F 2d 83, 271 U.S. 669.

See: "A national bank has no power to lend its credit to any person or corporation . . . Bowen v. Needles Nat. Bank, 94 F 925 36 CCA 553, certiorari denied in 20 S.Ct 1024, 176 US 682, 44 LED 637.

See: "The doctrine of ultra vires is a most powerful weapon to keep private corporations within their legitimate spheres and to punish them for violations of their corporate charters, and it probably is not invoked too often . . . Zinc Carbonate Co. v. First National Bank, 103 Wis 125, 79 NW 229. American Express Co. v. Citizens State Bank, 194 NW 430.

See: "A bank may not lend its credit to another even though such a transaction turns out to have been of benefit to the bank, and in support of this a list of cases might be cited, which-would look like a catalog of ships." [Emphasis added] Norton Grocery Co. v. Peoples Nat. Bank, 144 SE 505. 151 Va 195.

See: "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit. If a bank could lend its credit as well as its money, it might, if it received compensation and was careful to put its name only to solid paper, make a great deal more than any lawful interest on its money would amount to. If not careful, the power would be the mother of panics, . . . Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank, for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another. I Morse. Banks and Banking 5th Ed. Sec 65; Magee, Banks and Banking, 3rd Ed. Sec 248." American Express Co. v. Citizens State Bank, 194 NW 429.

See: "It is not within those statutory powers for a national bank, even though solvent, to lend its credit to another in any of the various ways in which that might be done." Federal Intermediate Credit Bank v. L'Herrison, 33 F 2d 841, 842 (1929).

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

See: "There is no doubt but what the law is that a national bank cannot lend its credit or become an accommodation endorser." National Bank of Commerce v. Atkinson, 55 E 471.

See: "A bank can lend its money, but not its credit." First Nat'l Bank of Tallapoosa v. Monroe. 135 Ga 614, 69 SE 1124, 32 LRA (NS) 550.
See: ". . . the bank is allowed to hold money upon personal security; but it must be money that it loans, not its credit." Seligman v. Charlottesville Nat. Bank, 3 Hughes 647, Fed Case No.12, 642, 1039.

See: "Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages." Barnsdall Refining Corn. v. Birnam Wood Oil Co.. 92 F 26 817.

See: "Any conduct capable of being turned into a statement of fact is representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts." Leonard v. Springer 197 Ill 532. 64 NE 301.

See: "If any part of the consideration for a promise be illegal, or if there are several considerations for an unseverable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise." Menominee River Co. v. Augustus Spies L & C Co., 147 Wis 559. 572; 132 NW 1122.

See: "The contract is void if it is only in part connected with the illegal transaction and the promise single or entire." Guardian Agency v. Guardian Mut. Savings Bank, 227 Wis 550, 279 NW 83.

See: "It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations." Whipp v. Iverson, 43 Wis 2d 166.

## III) Laws of Contracts:

If the documents fail to provide all of the necessary elements of a contract then the contract was never legally executed and is void *ab initio* and no debt is owed.

See law of contracts and Statute of Frauds;

A) Law of contracts; In common law, there are three key elements to the creation of a contract. These are offer, acceptance, consideration, and an intention to create legal relations. In civil law systems the concept of consideration is not central. In addition, for some contracts, formalities must be complied with under what is sometimes called a statute of frauds.

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

B) Statute of Frauds; A type of state law, modeled after an old English law that requires certain types of <u>contracts</u> to be in writing. Every state has some type of statute of frauds; the law's purpose is to prevent the possibility of a nonexistent <u>agreement</u> between two parties being "proved" by <u>perjury</u> or <u>fraud</u>. This objective is accomplished by prescribing that particular contracts not be enforced unless a written note or memorandum of agreement exists that is signed by the persons bound by the contract's terms or their authorized representatives. If one party can establish that the other party has failed to perform, the contract is legally unenforceable because it has not satisfied the requirement of the statute, then the first party cannot be liable for its breach.

## IV) Agreement to stop payments:

HOMEQ SERVICING has 10 days to respond to me as to which offer they decide to choose. If HOMEQ SERVICING decides to not respond within 10 days, they are hereby agreeing to **Offer B)** (see above page 1) and will deliver to me the deed for the respective property and thusly agree to take no action against Me and will Discharge by cancellation, per N.R.S. § 104.3604, the respective mortgage. Absence of a response by HOMEQ SERVICING, HOMEQ SERVICING agrees and stipulates that their acquiescence stands as their agreement.

Moreover, HOMEQ SERVICING silence is also a fraud, pursuant to **U.S. v. Tweel**, 550 F.2d 297, 299 (5th Cir. 1977) (silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading). Notification of legal responsibility is "the first essential of due process of law." *Connally v. General Construction Co.*, 269 U.S. 385, 391.

# NOTICES:

# Notice for the agent is notice for the principal;
# Notice for the principal is notice for the agent.

This letter shall be considered lawful notice that HOMEQ SERVICING has been lawfully informed that presenting a <u>copy of a note</u> is fraud upon the court. In law, especially in court, only the actual "wet inked" signature note can be admitted into evidence. If HOMEQ SERVICING attempts to enter into evidence a copy of said note this letter shall be used as prima facie evidence HOMEQ SERVICING and/or its representatives and/or attorneys are purposely, with malice aforethought, attempting to perpetrate a fraud against Me and the court. HOMEQ SERVICING and/or its representatives and/or attorneys shall be held liable, criminally and/or civilly, for such action. <u>A copy of my signature is not my signature</u>.

I hereby invoke all of the protection guaranteed me under all Titles, Codes, Statutes and/or laws , the Nevada Constitution and the Constitution for these united States.

TITLE 15 CHAPTER 41 SUBCHAPTER V § 1692 & N.R.S. 104.3101 through 104.4504, et al.

## WARNING FOR BENEFIT OF ALL PARTIES

**DO NOT ATTEMPT TO OFFER INTO EVIDENCE A COPY OF THE NOTE; A HOLDER IN DUE COURSE MUST SUPPLY THE ORIGINAL NOTE; ABSENT THE ORIGINAL NOTE ANY PARTY CLAIMING TO BE THE HOLDER IN DUE COURSE IS PURPOSELY, WITH MALICE AFORETHOUGHT, COMMITTING FRAUD UPON THE COURT AS EVIDENCED BY THIS NOTICE.**

I, Vince Wayne: Dobeck, hereby and herein reserve the right, and am the only party with said right, for amending and making amendments to this document as necessary in order that the truth may be ascertained and its proceeding justly determined.

The Undersigned, I, Vince Wayne: Dobeck, do herewith declare, state and say that I, Vince Wayne: Dobeck, issue this with sincere intent in truth, that I, Vince Wayne: Dobeck, the undersigned am competent by stating the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, reasonable, not misleading, and by My best knowledge, by Me, the undersigned.

Vince Wayne: Dobeck

| Nevada state Republic | ) | |
|---|---|---|
| | ) ss. | **JURAT** |
| Clark County | ) | |

On the 18ᵀᴴ day of March , 2008, Vince Wayne: Dobeck personally appeared before me and proved to me on the basis of satisfactory evidence to be the person whose name is subscribed hereto and acknowledged to me that he executed the same under asseveration, and accepts the facts thereof. Subscribed and affirmed before me this day. Witness my hand and seal this 18ᵀᴴ day of March , 2008.

Notary Signature

MAURA SCHWARTZ
Notary Public State of Nevada
No. 05-99380-1
My appt. exp. Aug. 9, 2009

My Commission expires on the 9ᵀᴴ day of August , 2009 .





# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. Rule 5(b), IT IS HEREBY CERTIFIED that service of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** has been made this _____ day of _____, 2008, by depositing a copy thereof in the United States Mail, in Las Vegas, Nevada, in a postage prepaid envelope mailed to the last known address of the Defendant, as follows:

Jeffrey S. Allison
HOUSER & ALLISON
9970 Research Drive
Irvine, CA 92618

And;

Stephanie Cooper-Herdman
THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd.
Las Vegas, NV 89107

By: _____
By: Vince-Wayne: Dobeck