**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VINCE WAYNE: DOBECK,
Acting as Agent for VINCE W. DOBECK,

    Plaintiff,

vs.

HOMEQ SERVICING, INC. and DEUTSCHE BANK NATIONAL TRUST COMPANY,
    Defendants.

2:08-cv-00781-RCJ-LRL

**ORDER**

**INTRODUCTION**

Before this Court is Defendants Homeq Servicing, Inc. and Deutsche Bank National Trust Company's Motion to Dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), 8, and 10 for Plaintiff Dobeck's failure to state a plain and concise claim upon which relief can be granted. (#5). The Court has considered Defendants' Motion and the pleadings on file on behalf of all the parties. IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is *granted*. (#5).

**BACKGROUND**

Plaintiff has brought an action against Defendant for wrongful foreclosure based upon a dispute as to whether Defendant HomEq rightfully holds or services his secured mortgage loan and the elimination of the mortgage debt as a result of Defendant's non-response to his unilateral "offer of tender of payment by way of a promissory note" and "dishonor." Defendants argue that Plaintiff contradicts his own allegations by impliedly acknowledging the debt and HomEq as the servicer and that his documents are inarticulate and legally unenforceable. Plaintiff focuses only on whether the

1  Defendants had any right to foreclose on the property and if so, whether or not they proceeded in
2  compliance with NRS 107.080.

3  Plaintiff Vince Wayne Dobeck ("Vince Wayne: Dobeck") filed a complaint requesting the
4  Court set aside the foreclosure of his property at 5298 Rappahanock Street, Las Vegas, 89122
5  conducted by Defendant HomEq Servicing Inc. and Deutsche Bank National Trust Company.  As
6  an alternative argument, Plaintiff alleges that Fidelity National Default Solutions is not registered
7  to do business in the State of Nevada and that accordingly its purported "notice" filings with the
8  Clark County Recorder's office are improper and have no effect. (#9 at 2).  Plaintiff had brought an
9  additional claim, that he issued an offer of tender of payment in the form of a negotiable instrument
10 to SPS and QPS, and therefore that foreclosure was improper. *Id.*  However, he conceded that last
11 claim and focused on the foreclosure itself. *Id.*

12 Defendants proffer that this claim is unactionable and that the claims provide no grounds
13 upon which relief can be offered.  (#5-4 at 1).  They argue that the complaint is self-contradictory
14 and has no basis in the law. *Id.* at 2.  They cite that a nearly identical case recently removed to this
15 Court on April 17, 2008 was dismissed on or about June 23, 2008. *Griffin v. HomEq Servicing*,
16 U.S.D.C. D. Nev. Case No. 2:08-cv-00483-RCJ.  They ask that this case be dismissed likewise.

17                                                     **DISCUSSION**

18 **I.      Under Rules 8 and 10: Plaintiff's Complaint Should Not Be the Grounds for Dismissal
             as He Is a *Pro Se* Litigant.**
19

20 A complaint must contain a "short and plain statement of the claim showing that the pleader
21 is entitled to relief."  FED. R. CIV. P. 8(a).  The Federal Rules of Civil Procedure do not require a
22 claimant to set out in detail all the facts upon which he will base the claim. *See Bell Atl. Corp. v.*
23 *Twombly*, 127 S.Ct. 1955, 1964 (2007).  The rules require that the plaintiff give the defendant "fair
24 notice of what the claim is and the grounds on which it rests." *Id.*

25

Under Rule 10, the form of the pleadings is directed such that the party must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10.  The Court has the inherent power to dismiss claims that do not comply with Rules 8 and 10.  *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981).  Proper dismissal of complaints occurs when the document is "argumentative, prolix [allegations] replete with redundancy, and [consisting] largely of immaterial background information." *McHenry*, 84 F.3d at 1178.

Defendant points out that Plaintiff's complaint has no numbered paragraphs or plainly stated claims; instead it alleges he presents an incomprehensible document without cognizable claims stated. (#5-4 at 3). Plaintiff's four paragraph complaint is perhaps not in the clearest of legal terms. It would appear that he makes an attempt to remedy that in a re-statement of the facts in his Opposition to Defendant's Motion, #9.  Although the proper remedy would be an amendment to the complaint, as Plaintiff is acting *pro se*, he should be given a wide berth on the precision of his documents filed.  The complaint should not be dismissed on these grounds alone.

**II.      Dismissal Under Rule 12: Failure to State a Claim upon Which Relief Can Be Granted.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).  The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6). *In re Stac Elecs.*, 89 F.3d at 1403. If either party submits materials outside of the pleadings in support or in opposition to the motion to dismiss, and the district court relies on these materials, the motion may be treated as one for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

Plaintiff argues that Defendants are not holders of his mortgage as defined by the UCC; that the foreclosure is invalid because there is no notice providing that Deutsche is the foreclosure trustee; and that Fidelity National Default Solutions is not licensed in Nevada so the recorded Notice of Default to commence foreclosure is of no effect. (#9). Defendants respond that Plaintiff misstates the record as well as makes extraneous arguments.

**A.    Deutsche Is Beneficiary and Holder, HomEq Is Servicer, and National Default Servicing Corp Is Trustee Per Recorded Notice of Default.**

Under N.R.S. § 107.080(1) and (4), foreclosure notices expressly provide that the "power of sale" is conferred upon the "trustee, or other person authorized to make the sale." The statute specifies that this power of sale is conferred when the "beneficiary, the successor in the interest of the beneficiary or trustee" first issues a notice of default and "the trustee, or other person authorized," issues a notice of sale three months later. *Id.* The statute does not forbid a trustee or loan servicer to bring a foreclosure action; that authorization to proceed with foreclosure is one of the functions of a loan servicer.

Plaintiff argues that even if Deutsche and HomEq are the note holders, because an improper party recorded the notice, there was no proper notice of the default and election to sell. (#9 at 9–10). The party that Plaintiff alleges to be improper is Fidelity (National Default Servicing Corp). Plaintiff

alleges that Fidelity, as neither beneficiary, successor, or trustee, cannot file the notice under the statute.

Defendants respond that Fidelity is identified in a "substitution of trustee" document as the foreclosure trustee. (RJN Ex. 10). Deutsche Bank National Trust Company as Trustee under the Pooling and Servicing Agreement is an investment trust holding a pool of loans. (#10 at 4). It holds Plaintiff's loan. *Id.* HomEq is a loan servicer and the attorney for Deutsche. *Id.* These two hold the original note. *Id.* National Default Solutions is the appointed foreclosure trustee and acted as an agent of Fidelity, as recorded in the official records of Clark County on May 12, 2008. *Id.* at 5. This official record contains the Notice of Default wherein HomEq is identified as servicer. (RJN Ex. 8).

The Defendants are properly who they identify themselves to be under the statute and have acted properly and in accordance with the statute. With his allegation of improper notice, Plaintiff does not provide grounds for a claim upon which relief can be granted.

**B.     There Is No Requirement That Defendants Provide the Original Note at This Time.**

Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status. *See, e.g.*, *U.S. Bank N.A. v. Phillips*, 852 N.E.2d 380 (Ill.App.Ct. June 26, 2006); *The Frances Kenny Trust v. World Savings Bank FSB*, 2005 WL 106792 (Order, N.D. Cal. Jan. 19, 2005); *Alcorn v. Washington Mutual Bank, F.A.*, 111 S.W.3d 264 (Tex.App. July 3, 2003).

Plaintiff argues that Defendants are not the holders of the note because they do not bring evidence that they are in possession of the original note. (#9 at 6). With great efforts in legal research, Plaintiff cites to the U.C.C. § 3-302(1) (delineating requirements for a party to be a "holder" of an instrument), statutes N.R.S. 104.3302 (defining the holder in due course of an instrument) and N.R.S. 52.245 (discussing the inadmissibility of a photocopy of a document in lieu

of the original), as well as a case that states the best evidence rule—original documents are preferred over copies, barring a serious impediment.

However, as Defendants rightly point out, these authorities are inapplicable here. The statutes do not require a loan servicer to tender the original note as proof of its status as holder in due course; this is not an evidentiary motion or trial proceeding requiring outside testimony or evidence; and the case law is not controlling. (#10 at 6). In fact, Plaintiff admits that under N.R.S. 52.245, a copy of the original note can be offered as evidence of holder status. *Id.* As it is an assignable instrument, even the current holder is not proven by terms stated in the note itself because it does not identify future assignees. *Id.* at 7. Defendants produce copies of the Note and Deed of Trust to the Court's satisfaction. (RJN Ex.1, 2).

Because the Defendants are indeed the holders of the Note, the Plaintiff has failed to state a claim upon which relief can be granted in his arguments.

### III.    Questions of Representation Irrelevant.

Defendants bring up the issue that Plaintiff, in acting *pro se*, should have counsel because he is acting not solely on his behalf, as his co-borrower and owner on the subject loan, Christy Dobeck, is not named as plaintiff (and perhaps should be as an indispensable party). Despite this, Plaintiff articulates his *pro se* status, complete with a creative definition of a human being, in his Opposition to Defendants' Motion, and in doing so, satisfies the Court that he is acting solely on his own behalf and not improperly representing others. (#9).

### CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#5) is *granted*.

DATED: October 16, 2008

_____
Robert C. Jones
United States District Judge

(nk)